IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNY RAY SIMS, #10784**                                                        **PETITIONER**

**v.**                                                                 **CAUSE NO. 1:13-cv-533-KS-MTP**

**JOHNNIE DENMARK**                                                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Petitioner's Motion for Reconsideration or, in the Alternative, Review by the District Judge [29] ("Motion for Review").  Petitioner, Johnny Ray Sims ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 on June 10, 2013.  The current matter stems from the Magistrate Judge's Order [28] denying Petitioner's Motion to Appoint Counsel [16], Objection to and Motion to Strike Respondent's "Response in Opposition to Petitioner's Traverse" [20] ("Motion to Strike"), and Motion for Leave to Conduct Discovery and to Expand the Record Herein [21] ("Motion for Discovery").  For the reasons stated below, the Court finds that the motion should be denied.

### II. PROCEDURAL BACKGROUND

On September 30, 2013, Petitioner included a request for counsel in his Traverse [16].  Petitioner asserted that, because of the "highly technical standards" in his case and his "lack of legal training," appointment of counsel was appropriate.  (*See* Traverse [16] at p. 11.)  Before a ruling could be made, Petitioner subsequently objected to and moved to strike the Respondent's Response in Opposition to Petitioner's Traverse [18] ("Response") on October 23, 2013, stating

that it was an "unauthorized pleading" under the Rules Governing Habeas Corpus Cases Under Section 2254, which Petitioner interprets as giving the "final closing argument on paper" to the petitioner in a habeas corpus case.  (*See* Motion to Strike [20] at p. 1.)  A few days later, on October 28, 2013, Petitioner filed motions requesting discovery and an evidentiary hearing. Petitioner listed the pieces of evidence he hoped to obtain from discovery, and argued that the court must grant him an evidentiary hearing because he had "alleged facts which, if found to be true, would entitle him to habeas relief."  (*See* Motion for Discovery [21] at pp. 1-2.)  On December 16, 2013, Petitioner filed a motion to substitute party pursuant to the immediate custodian rule, as the previously named Respondent Ron King was no longer superintendent of the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi and had been replaced by Johnnie Denmark.  (*See* Notice [26] ("Motion to Substitute Party") at pp. 1-2.)

The Honorable Michael T. Parker, United States Magistrate Judge ("Magistrate Judge"), considered all motions put forth by Petitioner and issued an order on March 12, 2014, denying all motions but the Motion to Substitute Party.  (*See* Order [28].) In response, Petitioner filed his Motion for Review [29] on March 24, 2014, objecting to the Magistrate Judge's denial of his motions.  No objection is made with respect to the Motion to Substitute Party.

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 72, a party may file an objection to a magistrate judge's order within fourteen days of being served a copy.  For nondispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  This standard of review is "extremely deferential" to the magistrate judge's

order. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). "As in other appeals, the court may affirm a correct order of the magistrate judge on grounds that he did not cite or that were not raised before him." *Griffin v. Raytheon Co. Long Term Disability Plan No. 558*, No. 3:04cv2179, 2005 WL 4891214, at *1 (N.D. Tex. Aug. 31, 2005); *cf. United States v. Buck*, 324 F.3d 786, 795 n.18 (5th Cir. 2003) ("'[W]hen the judgment of the district court is correct, this court may affirm for reasons not given by the district court and not advanced to it.'") (quoting *United States v. Giraldo*, 111 F.3d 21, 24 n.12 (5th Cir. 1997)).

When a magistrate judge makes a dispositive ruling, the district judge is required to review properly objected to issues *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). No deference is given to the magistrate judge's order under a *de novo* review. *See Salve Regina College v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Though the motions dealt with in the Magistrate Judge's Order were all nondispositive in nature, meaning the Order will only be modified or set aside if it "is clearly erroneous or is contrary to law," even under a more stringent *de novo* review, the outcome of the Court's analysis would not change.

The Court will address Petitioner's objections in the order they are presented in his Motion for Review [29].

A.  **Objection to and Motion to Strike Response**

Petitioner's main contention in moving to strike Respondent's Response [18] from the record is that the Rules Governing Habeas Corpus Cases Under Section 2254 are meant to give the petitioner the "final argument." (*See* Motion to Strike [20] at p. 1.) However, if the purpose is to give the petitioner in a habeas case the "final word," that purpose has been fulfilled here. Petitioner has filed numerous documents with the Court since the Response was filed, including

a Supplemental Legal Brief in Support of Traverse [19] and a Supplemental Memorandum of Law [27] in further support of his Petition for Writ of Habeas Corpus, while the Respondent, during the same period, has filed only a Response in Opposition to Petitioner's Motion for Discovery [22]. It is clear that justice is not frustrated by allowing the Response [18] to remain in the record. The Magistrate Judge's ruling in denying Petitioner's Motion to Strike [20], then, will stand.

**B.    Motion to Conduct Discovery**

Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 states that discovery can be granted to a party "for good cause." Petitioner admits that he failed to demonstrate good cause in his original motion and attempts to rectify this in his objections to the Magistrate Judge's Order. (*See* Motion for Review [28] at p. 3.) The Fifth Circuit, however, has held that "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). The Magistrate Judge could not have erred in his ruling based on Petitioner's arguments because Petitioner never submitted his arguments to the Magistrate.

Even assuming arguendo that the Court could properly consider Petitioner's arguments, they do not amount to a showing of good cause. Though Petitioner is more specific in his discovery requests and what facts he wishes to uncover, he has given no reason why these facts were not fully developed at the state court pre-trial and trial stages, even though there is ample evidence in the record suggesting they were. Therefore, even if Petitioner had submitted his arguments in his original motion, he would have failed to show good cause for discovery and the

Magistrate Judge would have been correct to deny the motion.

### C.  Motion for Evidentiary Hearing

The Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  The Court in *Cullen* explained that "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* at 1399 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)) (alteration in original).  The Court in *Cullen* also stated that § 2254(e)(2) "imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." 131 S.Ct. at 1400-01.  As the Magistrate Judge correctly noted, the narrow restrictions of § 2254(e)(2) have not been met by Petitioner.

Petitioner argues that *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), mandates an evidentiary hearing in his case.  Petitioner's arguments based on *Townsend* are not properly before this Court because they were not raised in the original motion.  *Finley*, 243 F.3d at 219 n.3 (citing *Armstrong*, 951 F.2d at 630).  Even overlooking this procedural bar, Petitioner's arguments are without merit.  Petitioner's bare recitation of, and reliance on, the standards set forth in *Townsend* are insufficient, and the Court's review of the case file lends to the determination that the Petitioner (as opposed to any state court) is responsible for any alleged inadequacies in the evidentiary record.  As such, the Magistrate Judge was correct to deny Petitioner's motion for an evidentiary hearing.

**D.     Motion to Appoint Counsel**

Because no evidentiary hearing is warranted in this case, Petitioner's argument that appointment of counsel is required under Rule 8(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 does not apply.  (*See* Motion for Review [29] at p. 7.)  Therefore, Petitioner's only objection is that the "interests of justice" require appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

The Magistrate Judge did not find Petitioner's arguments that his Petition [1] involves "highly technically standards" and that he has "no formal legal training" sufficient to deem appointment of counsel required by the interests of justice, and neither does this Court.  (*See* Traverse [16] at p. 11.)  In fact, Petitioner's arguments are very similar to those made by the petitioner in *Schwander v. Blackburn*, 750 F.2d 494 (5th Cir. 1985).  The Fifth Circuit in *Schwander* found that, although the issues were "numerous and dense," the fact that the petitioner adequately addressed them in his pro se brief showed that they were not "particularly complex" and that "appointment of counsel would be a waste of judicial resources."  *Id.* at 502-03.  The issues in this case are similar to those in *Schwander*, and Petitioner has adequately addressed them in his pleadings.  Appointment of counsel, as the Magistrate Judge ruled, is therefore not required by the interests of justice.

### IV.  CONCLUSION

For the reasons discussed above, the Court rejects all of the objections stated in Petitioner's Motion for Review [29].

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner's Motion for Reconsideration or, in the Alternative, Review by the District Judge [29] is denied.

SO ORDERED AND ADJUDGED this the 21st day of July, 2014.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE