IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNY RAY SIMS**                                                                              **PETITIONER**

v.                                                                    **CIVIL ACTION NO.: 1:13-CV-533-KS-MTP**

**JACQUELYN BANKS**                                                                          **RESPONDENT**

## ORDER

This cause is before the Court on petition of Johnny Ray Sims for Motion to Alter or Amend Judgment [50] pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure, or in the alternative for Relief from Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Having considered the submissions of the parties, along with the documents made a part of the

record and the applicable law, the undersigned orders that petitioner's Motion to Alter or Amend be denied.

Rule 52(b) of the Federal Rules of Civil Procedure provides that "On a party's motion filed not later than 28 days after the entry of judgment, the court may amend its findings, or make additional findings, and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Rule 59(e) provides that "A motion to alter or amend a judgment must be filed not later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e)

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment or other proceeding. The rule states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding. . . ." Fed. R. Civ. P. 60(b). Rule 60(b)(1) and (6), which were cited by the petitioner, includes mistake,

inadvertence, surprise, or excusable neglect; and any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1),(6).

Petitioner filed his motion within the time required by each rule that he listed. However, Petitioner has failed to provide the Court with any argument that the judgment should be altered or amended. Petitioner has also failed to provide the Court with anything showing that he is entitled relief from the judgment. Petitioner continues to list the same arguments that were stated in his original petition, his objection to the Magistrate Judge's Report and Recommendation, and now this motion.

As stated in the order adopting the Magistrate Judge's recommendation [49], M.C.A. 99-39-21 states that "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination **at trial and/or on direct appeal** . . . shall constitute a waiver thereof and shall be procedurally barred . . ." Miss Code § 99-39-21(1) (emphasis added). Because Petitioner failed to present Grounds One, Two, Three, and Five on direct appeal, as clearly stated by the statute, this would constitute a waiver and therefore they are procedurally barred.

Petitioner points out that his claims can be brought via direct appeal or state post-conviction proceedings, however this is not the case for Petitioner's claims. The Mississippi Supreme Court has repeatedly and consistently held that "post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal. *Smith v. State*, 434 So. 2d 212, 215 (Miss. 1983). Post-conviction proceedings are for the purpose of brining to the trial court's attention facts not known at the time of judgment, therefore questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post conviction environment. *Gillard v. State*, 446 So.2d 590 (Miss. 1984); *Pruett v. Thigpen*, 444 So.2d 819 (Miss. 1984); *King v. Thigpen*, 441 So.2d

1365 (Miss. 1983). Grounds One, Two, Three, and Five were facts that should have been known at the time of judgment, and raised at trial and/or on direct appeal. Because they were not, Petitioner has waived those claims and they are procedurally barred.

For Ground Four, Petitioner claims in his Motion that "The circumstantial evidence cited by this Court could, arguendo, imply guilt of the elements of some crimes; but to say that it proves the elements of kidnapping is simply NOT RATIONAL." The facts of this case clearly provide the court with a rational determination that the elements of kidnaping have been met. Petitioner inveigled Jamaya to come to his home, her clothes had been removed, and there was damage to her neck, face, and vaginal and rectal area. This circumstantial evidence would lead any court to rationally concur that the elements of kidnaping were met.

As to Ground Six, Petitioner claims that the court over looked his detailed objections on whether he received ineffective assistance of counsel, however this is not the case. Petitioner did provide detailed arguments in his objection, however these arguments were not specific conduct that his attorney did or did not do. Rather they were an attempt to retry the case through his objection. Petitioner failed to show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. These arguments clearly fell short of the standard required by *Strickland v. Washington.*

IT IS, THEREFORE, ORDERED that the Motion to Alter or Amend Judgment should be **dismissed**. Petitioner has failed to provide the Court with reasonable arguments showing that his judgment should be altered or amended, or that he is entitled to any relief from the judgment.

SO ORDERED on this the 2nd day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE