**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHNNY RAY SIMS**                                                                                       **PETITIONER**

**V.**                              **CIVIL ACTION NO. 1:13-CV-533-KS-MTP**

**JACQUELYN BANKS**                                                        **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court the Motion for Reconsideration [64] filed by Petitioner Johnny Ray Sims. After considering Petitioner's submissions, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I.  BACKGROUND**

On July 5, 2016, Petitioner Johnny Ray Sims ("Petitioner") filed his Motion to Alter Judgment [52], requesting that the Court alter the judgment entered against him on his Petition [1] for Writ of Habeas Corpus. Briefing on this motion concluded on August 1, 2016, when Petitioner's Reply [60] and Supplemental Reply [61] were filed. The Court entered a ruling on this motion on August 2, 2016, finding that Petitioner "failed to provide the Court with any argument that the judgment should be altered or amended . . and failed to provide the Court with anything showing that he is entitled to relief from judgment." (Order [62] at p. 2.) The Court stated that he "continues to list the same arguments that were stated in his original petition, his objection to the Magistrate Judge's Report and Recommendation, and now this motion." (*See id.*)

On August 10, 2016, Petitioner filed his Motion for Reconsideration [64] of this Order [62], claiming that the short amount of time between the filing of his Reply [60] and Supplemental Reply [61] and the ruling of the Court meant that the Court did not properly review his motion.

**II.  DISCUSSION**

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Petitioner's Motion for Reconsideration [64] was filed within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet*, 367 F.3d at 478.

Petitioner argues that because the Court ruled on his Motion to Alter Judgment [52] so quickly, it could not have reviewed all the supporting exhibits which he presented.  He goes on to reiterate his arguments in favor of his Motion to Alter Judgment [52], which were or should have been previously raised.  This Court does not rule on motions without first reviewing all documentation presented related to those motions, and no error of law has been made nor has any injustice occurred.  Because Petitioner does not introduce any arguments on which reconsideration can be granted, *see Williamson Pounders*, 681 F.Supp.2d at 767, the Court will **deny** his Motion for Reconsideration [64].

### III.  CONCLUSION

```
```
IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration [64] is **denied**.

SO ORDERED AND ADJUDGED this the 24th day of October, 2016.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE